# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action: 07-00371-KD-C |
| | ) | |
| DANNY COBB, | ) | |
|     Defendant. | ) | |

## ORDER

This action came before the Court for a Fed.R.Crim.P. Rule 32.1(c) hearing[1] on the motion for early termination of supervised release filed by Defendant Danny Cobb (Doc. 54) and the Government's Response thereto (Doc. 56).

Defendant Cobb plead guilty to possession with intent to distribute cocaine, and on June 6, 2008, the Court sentenced him to 30 months and supervised release term of five (5) years, along with other conditions. (Doc. 49). Defendant Cobb began his five (5) year supervision term on April 26, 2012, with supervision set to end on April 25, 2017.

On August 21, 2014, Defendant Cobb moved for early termination of supervised release. Defendant Cobb states that when he was sentenced in federal court, he was already serving an unrelated 20 year sentence out of Mobile County Circuit Court on a probation revocation in CC 01-1259.70, and after he served the 30 months for the federal case, was transferred to the Alabama Department of Corrections to serve the remainder of his state sentence. Defendant Cobb was released from custody in April 2012, and reports monthly to both the Alabama State Board of Pardons and Parole and the U.S. Probation Office. Defendant Cobb asserts that he has reported as directed to the U.S. Probation Office, has participated in drug testing and treatment as

---

[1] A hearing on the motion was held because the relief sought is favorable to the Defendant and the attorney for the government received notice of the relief sought and objected to the request.

directed, and has satisfied the monetary requirements of his federal sentence; and that he has reported as directed to the Alabama State Parole Officer and satisfied the monetary requirements of his state sentence. Defendant Cobb adds that the Alabama State Parole Officer has advised him that he will be required to report until 2021 when his state parole expires. Defendant Cobb states he has been gainfully employed with Horizon Shipyard, Inc. since his April 2012 release but that having to report to different probation offices on different dates each month has been difficult and has adversely impacted his employment opportunities at Horizon. At the hearing, Defendant Cobb explained further, that he is seeking a supervisor position at Horizon, but that such position may not be available if he has to continue to report to different probation offices.

In response, the Government requested that Defendant Cobb complete at least two-thirds (2/3) of his imposed supervision term without incident, adding that there are no extraordinary circumstances warranting early termination at the present time. At the hearing, the Government urged that Defendant Cobb should be required to complete at least 50% of his imposed supervised termination without incident.

The U.S. Probation Officer assigned to Defendant Cobb has stated that she has no opposition to his motion for early termination, adding that he has complied with all the conditions of his supervised release. However, at the hearing U.S. Probation Officer Richard Bemis indicated that supervision should continue.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released

and the interest of justice." Defendant Cobb has met the threshold prerequisite that one (1) year of supervised release has expired. Additionally, Defendant Cobb has also complied with the terms and conditions of his supervised release. Moreover, upon consideration of the relevant factors set forth in § 3583(e)(1) and § 3553(a), the Court finds that early termination is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). Further, the undersigned finds there is no reason to continue to expend resources of the federal government to supervise this particular defendant when he is also being supervised and drug tested by the state.

Accordingly, upon consideration of the foregoing and the relevant factors set forth in 18 U.S.C. § 3553(a), it is **ORDERED** that Defendant Danny Cobb's motion (Doc. 54) is **GRANTED** such that his supervised release **will be TERMINATED** on **October 30, 2014** (at which time he will have served more than 50% of the time required), and he will be **DISCHARGED from supervision on that date**. See 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the **30th** day of **September 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**